<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MAC TRUONG, <br><br> Plaintiff, <br><br> v. <br><br> MARC JEAN-BAPTISTE, <br><br> Defendant. | Civil Action No. 21-17606 (SDW) (ESK) <br><br> **WHEREAS OPINION** <br><br> October 15, 2021 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Dr. Mac Truong's ("Plaintiff") filing of a Complaint against Defendant Marc Jean-Baptiste ("Defendant"), (D.E. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 4), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** applications to proceed *in forma pauperis* are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action. Plaintiff's long form (AO 239) application indicates that he is living on a limited income, and this Court will therefore grant his request to proceed without prepaying fees or costs; and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees and the petition is granted, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se* complaints, although "[held] to less stringent standards than formal pleadings

drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Under Rule 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** Plaintiff previously filed a lawsuit in this Court on June 24, 2021, on behalf of himself and other plaintiffs.[1] *See Dr. Mac Truong v. Marc Jean-Baptiste*, Civ. No. 21-12997, slip op. at 1 (Sept. 16, 2021) ("Reconsideration Opinion"). In his previous complaint, Plaintiff conceded that he is a disbarred attorney and alleged to bring claims on behalf of the other plaintiffs in that case as their "attorney-in-fact." *See id.* On July 21, 2021, Emmanuel Coffy, Esq., filed a Notice of Appearance on behalf of the other plaintiffs along with a Notice of Voluntary Dismissal of their claims, pursuant to Rule 41(a)(1)(A). *See id.* at 2. This Court dismissed the other plaintiffs' claims without prejudice on July 22, 2021. *See id*. This Court also dismissed Plaintiff's claims for failure to timely pay the required filing fee or submit the required application to proceed *in forma pauperis*. *See id.* On July 26, 2021, Plaintiff filed a Motion for Reconsideration, arguing that he is the rightful "attorney in fact" for the other plaintiffs. *See id*. This Court denied Plaintiff's Motion for Reconsideration on September 16, 2021, concluding, *inter alia*, that "(1) Plaintiff is not a licensed attorney authorized to bring claims on behalf of others; (2) the other plaintiffs selected a licensed attorney, Mr. Coffy, to represent them in th[e] matter; [and] (3) Mr. Coffy properly appeared in th[e] matter and dismissed the other plaintiffs' claims. . . ." *Id.* at 3. Plaintiff filed the instant lawsuit eleven days later; and

---

[1] This opinion's references to "other plaintiffs" refer specifically to Salem Jacques, Claudy Jean-Baptiste, Marlene Jean-Baptiste, Stagne Clarck Jacques, Marie-Lourdes Francois, Salim Jacques, Marie-Betty Jean-Baptiste, Jean Robert Josue Jacques, Jean Nedy Jean-Baptiste, and Ford Pierre Jean-Baptiste.

**WHEREAS** the instant lawsuit is substantively identical to the prior action, except Plaintiff identifies the other plaintiffs from the prior action as "PARTIES IN INTEREST" that may "choose to appear *pro se* or by Emmanuel Coffy, Esq." or another attorney of their choice. (Compl. ¶¶ 7–14, 16–17.)[2]  According to the Complaint, the interested parties are Defendant's siblings or half-siblings, and Defendant acted fraudulently to acquire and retain their father's inheritance assets, following their father's death in 1984. (*See id.* ¶¶ 20–22.) Plaintiff alleges no relation to the interested parties except that he "has been, voluntarily and upon mutual consent and agreement of all concerned parties, spiritual brother and power of attorney-in-fact of all interested [p]arties herein." (*Id.* ¶ 19.) He also claims to be the assignee of the interested parties' rights in this matter. (*Id.* ¶ 18.) As the interested parties' purported "attorney in fact," Plaintiff asks this Court to declare Defendant guilty of various crimes and require Defendant "to turn over to Plaintiff" certain real property located in Brooklyn, New York, as well as "the sum of two hundred million Dollars [] plus compounded interest at 9% . . . plus two hundred million Dollars [in] punitive damages." (*Id.* ¶ 26, at 8)[3]; and

**WHEREAS** this Court previously held that Plaintiff is not authorized to bring claims on behalf of others. *See* Reconsideration Opinion at 3. Plaintiff cannot circumvent the law by identifying the true claimants in this action as "PARTIES IN INTEREST" instead of as named plaintiffs. This Court also previously found that the other plaintiffs did not wish to be represented by Plaintiff or pursue this matter in this forum, as evidenced by the appearance of Mr. Coffy on their behalf and the voluntary dismissal of their claims. *See id.* Plaintiff's allegation that the interested parties assigned their claims to him is specious at best. Furthermore, Plaintiff's request

---

[2] Plaintiff additionally identifies Lucrece Jean-Baptiste as a party in interest. (Compl. ¶ 15.)

[3] Elsewhere in the Complaint, Plaintiff alleges $400 million in damages, in addition to $200 million in punitive damages. (Compl. ¶ 27.) He also values the real property he seeks at $400 million. (*Id.* ¶ 21.)

that this Court use his civil lawsuit as a means to criminally convict Defendant is legally impossible to grant, and his request to personally receive real property and $400 million as relief is plainly meritless on the facts alleged.  In sum, Plaintiff's Complaint does not state a plausible claim for relief.  Therefore, Plaintiff's Complaint will be *sua sponte* **DISMISSED WITH PREJUDICE**.[4]  An appropriate order follows.

                                                        /s/ Susan D. Wigenton  
                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Parties  
         Edward S. Kiel, U.S.M.J.

---

[4] If Plaintiff files any additional lawsuits related to these claims, this Court will issue an Order to Show Cause as to why this Court should not enter a Preclusion Order barring Plaintiff from filing further actions without first seeking Court approval.